HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289))
GABRIEL S. DERMER Assistant City Attorney (SBN 229424)
EMERSON H. KIM, Deputy City Attorney (SBN 285142)
200 North Main Street, 8th Floor, City Hall East
Los Angeles, California 90012
Telephone No.: (213) 526-7336
Email: emerson.kim@lacity.org

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF CITY OF LOS ANGELES WHO ARE UN-HOUSED and D. JACOBS, individually and as a representative of a class,<br><br>　　　　　Plaintiffs,<br>　v.<br>KAREN BASS, et al.<br>　　　　　Defendants | No. 2:24-cv-09320-DOC-MAA<br><br>**Hon. David O. Carter**<br>**United States District Judge**<br><br>Action filed: October 29, 2024<br><br>**DEFENDANTS' FED. R. CIV. P. RULE 26(f) REPORT**<br><br>Date: February 3, 2025<br>Time: 8:30 a.m.<br>Ctrm: 10A |

Defendants hereby submit their portion of the Joint Scheduling Report in accordance with Federal Rules of Civil Procedure ("Rule") 26(f) and Local Rule 26-1.[1]

## 1. DEFENDANTS' FACTUAL SUMMARY OF THE CASE AND OF CLAIMS AND DEFENSES

The case concerns an alleged incident taking place on September 2, 2024, where Plaintiff contends that he was arrested and charged with aviolation of California Penal Code § 245(c). Section 245(c) states the following:

> Any person who commits an assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for three, four, or five years.

Plaintiff further contends that he was in penal custody from September 2, 2024, through October 23, 2024. He also states that the charge was dismissed, which led to his release.

Based on this incident, and this incident only, Plaintiff specifically challenges the constitutionality of LAMC § 41.18, which is prohibits "sitting, lying, or sleeping or storing, using, maintain, or placing personal property in the public right-of-way." However, he does not state that the September 2, 2024 incident is in anyway connected to the enforcement of LAMC § 41.18. Thus, none of his claims are supported by his factual allegations.

Separately, although Plaintiff identifies two separate incidents that pertain to LAMC § 41.18 in his Complaint (Compl. ¶¶ 35-36)—an incident in 2021 and another incident in 2022—those incidents are already the subject of pending lawsuits before this Court: 2:21-cv-06003-DOC-KES and 2:22-cv-08010-DOC-KES. Put differently, neither of those incidents are the impetus for the instant action.

---

[1] On January 21, 2025, defense counsel left a voicemail with Plaintiff's counsel to coordinate filing the joint report, but the call was not returned. That same day, defense counsel subsequently sent a letter along with the proposed report.

**2. DEFENDANTS' SYNOPSIS OF THE PRINCIPAL ISSUES IN THE CASE**

The principal issue in this case is whether Plaintiff's lawsuit is connected to the enforcement of LAMC § 41.18. There is no allegation that the September 2, 2024 incident was a result of LAMC § 41.18 being enforced against Plaintiff. Plaintiff's allegations only pertain to the enforcement of California Penal Code § 245(c). Given that every claim challenges the constitutionality of LAMC § 41.18, not Penal Code § 245(c), there are no facts to support Plaintiff's lawsuit.

**3.   WHETHER PARTIES ARE LIKELY TO BE ADDED AND WHETHER THE PLEADINGS ARE LIKELY TO BE AMENDED BY DEFENDANTS**

Defendants do not intend to add any parties. To the extent that the action proceeds, the pertinent parties here should be Plaintiff David Jacobs and the City of Los Angeles only. All the individual defendants should be dismissed.

Defendants have no pleadings to amend.

4.  **ISSUES WHICH DEFENDANTS BELIEVE MAY BE DETERMINED BY MOTION AND LIST OF CONTEMPLATED LAW AND MOTION**

Defendants have a pending motion seeking dismissal. Defendants believe the lawsuit should be dismissed at the pleading stage, as there is no alleged connection with the enforcement of LAMC § 41.18.

To the extent that the action proceeds, Defendants intend on filing a motion for summary adjudication or judgment. Defendants believe that this matter may be appropriate for determining the merits before engaging in class discovery. Defendants believe that the proposed classes are not certifiable and thus intend to oppose a future motion for class certification.

5. **DEFENDANTS' SETTLEMENT DISCUSSIONS AND RECOMMENDED SETTLEMENT PROCEDURE**

The parties have not engaged in any settlement discussions. Defendants are agreeable to a settlement conference before the magistrate judge assigned to this case, Honorable Maria A. Audero.

**6.  DEFENDANTS' DISCOVERY PLAN**

Defendants believe that it may be more efficient to address the merits of the case first with the question of class certification to be determined after.  Defendants propose that the initial stage of discovery be limited to the merits so that an early motion for summary adjudication/judgment may be brought in this matter.  After the motion is ruled upon, Defendants believe discovery as to class allegations would be appropriate at that juncture, if applicable.

## 7. DEFENDANTS' ESTIMATED TRIAL LENGTH

At this juncture, Defendants believe that a four-day timed jury trial, where each side is given ten hours, excluding jury selection, opening statement, and closing argument, should be sufficient.

## 8. DEFENDANTS' OTHER ISSUES AFFECTING STATUS OR MANAGEMENT OF CASE

Defendants have a pending motion to dismiss in the instant action.

Defendants also note that Plaintiff Jacobs has related putative class actions pending before this Court: *Jacobs, et al. v. City of Los Angeles, et al.*, Case No. 2:21-cv-06003-DOC(KESx) (the "6003 Matter"), and *Jacobs. v. Garcetti, et al.*, Case No. 2:22-cv-08010-DOC(KESx) (the "8010 Matter"). As stated above, the allegations in the 6003 Matter and the 8010 Matter contain allegations of enforcing LAMC § 41.18, which governs sitting, lying, or sleeping in the public right-of-way. Here, Plaintiff does not specifically allege that September 2, 2024 incident is tied in any way to the enforcement of LAMC § 41.18.

Defendants propose the following dates:

**a. Discovery Cut-off**

Defendants do not object to Plaintiff's proposed date of September 30, 2025.

**b. Final Motion Cut-off**

Defendants propose Monday, November 24, 2025, which is approximately eight weeks after the proposed discovery cut-off.

**c. Final Pretrial Conference**

Defendants propose Monday, December 22, 2025, which is four weeks after the proposed final motion cut-off date.

**d. Trial**

Defendants propose Tuesday, February 3, 2026.

DATED: January 22, 2025

Respectfully submitted,

HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN KENEALY, Chief Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney
EMERSON H. KIM, Deputy City Attorney

By: */s/ Emerson H. Kim*
EMERSON H. KIM, Deputy City Attorney
Attorney for Defendants

# EXHIBIT A: SCHEDULING OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No.: | 2:24-cv-09320-DOC-MAA |
|---|---|

| Case Name: | Jacobs v. Bass, et al. |
|---|---|

| Event | Plaintiff's Request month/day/year | Defendant's Request month/day/year | Agreed Upon Date or Court Ordered Date |
|---|---|---|---|
| ☐ Jury Trial -OR- ☐ Bench Trial **(Tuesdays at 8:30 a.m.)** | | 02/03/26 | |
| Est. Length (days) | | 4 | |
| Final Pretrial Conference [L.R.16] **(Mondays at 8:30 a.m)** | | 12/22/25 | |
| Hearing on Dispositive Motions **(Mondays at 8:30 a.m)** | | 11/24/25 | |
| Cut-Off Date for All Fact Discovery | | 09/30/25 | |
| Deadline for Settlement Conference | | 10/13/25 | |
| Initial Expert Disclosure Deadline *(if applicable)* | | N/A | |
| Rebuttal Expert Disclosure Deadline *(if applicable)* | | N/A | |
| ADR [L.R. 16-15] Settlement Procedure Choice | ☐ 1 Magistrate Judge ☐ 2 Mediation Panel ☐ 3 Private Mediation | ☒ 1 Magistrate Judge ☐ 2 Mediation Panel ☐ 3 Private Mediation | ☐ 1 Magistrate Judge ☐ 2 Mediation Panel ☐ 3 Private Mediation |

City Hall East
200 N. Main Street
Room 675
Los Angeles, CA 90012

(213) 526-7336 Tel
(213) 978-7011 Fax
emerson.kim@lacity.org
www.lacity.org

**HYDEE FELDSTEIN SOTO**
City Attorney

January 21, 2025

**Via USPS Mail**

Stephen Yagman
Yagman + Reichmann, LLP
333 Washington Boulevard
Venice Beach, CA  90292-5152

    Re:  Parties' Joint Rule 26(f) Report – *Jacobs v. Bass, et al.*, USDC Case No. 24-09320 DOC (MAAx)

Mr. Yagman:

    As stated in my voicemail, I am sending you this letter attaching Defendants' portion of the Parties' Joint Rule 26(f) Report.

    Per your letter dated January 19, 2025, I have inserted Defendants' pages behind Plaintiff's pages for the topics.  However, due to the matter being transferred in the interim from Judge Birotte to Judge Carter, the topics have changed.  Thus, the Parties' topics no longer line up.  Defendants' portion follows the structure outlined in Judge Carter's Order Setting Scheduling Conference (ECF No. 22).  Regardless, I have followed your instructions by collating the entire executed report without page numbers and attaching the schedule worksheet.

    If you do not intend to file Defendants' portion of the report for whatever reason, please let me know via telephone by 5:00 p.m. on Friday, January 24, 2025.  My number is (213) 526-7336.

    Thank you,

Emerson Kim
Deputy City Attorney