**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-09320-DOC-MAA                                    Date:  January 24, 2025

Title: People of City of Los Angeles Who Are Un-Housed et al v. Karen Bass et al.

PRESENT:     THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [16]**

Before the Court is a Motion to Dismiss ("Motion" or "Mot.") (Dkt. 16) brought by Defendants Paul Krekorian and Monique Contreras (collectively "Defendants") on December 13, 2024. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the Parties, the Court **GRANTS** Defendants' Motion.

**I.    BACKGROUND**

   **A.    Facts**

The following facts are taken from Plaintiff D. Jacob's Complaint ("Compl.") (Dkt. 1). Plaintiff is unhoused in the City of Los Angeles. Compl. ¶ 3. Plaintiff names as Defendants: Mayor Karen Bass, former Mayor Eric Michael Garcetti, current and former city council members Paul Krekorian, Robert Blumenfield, Nithya Raman, Katy Yaroslavsky, Imelda Padilla, Monica Rodriguez, Marqueece Harris-Dawson, John Lee, Curren Price, Heather Hutt, Traci Park, Hugo Soto-Martinez, Kevin De Leon, Tim McOsker, LAPD Officers Monique Contreras and "Doe" Brown, and "unknown named defendants." *Id*. Plaintiff sues all Defendants in their individual capacities and for *Monell* claims only in their official capacities. *Id*. ¶ 4.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-09320-DOC-MAA                              Date: January 24, 2025

Page 2

Plaintiff lives on a sidewalk on Main Street in Venice Beach. *Id*. ¶ 5. In October 2022, Plaintiff was issued a citation to appear in court in Beverly Hills pursuant to Los Angeles Municipal Code Section 41.18 by Defendant Contreras "for living on the sidewalk on Main Street in Venice, and this violated plaintiff's constitutional rights…" *Id*. ¶ 35. In 2021, Plaintiff's tent and all his personal belongings were "stolen under the supervision of defendant Contreras pursuant to § 41.18." *Id*. ¶ 36.

On September 2, 2024, Defendants Contreras and Brown "accosted plaintiff with their nightsticks" while Plaintiff was sleeping in his tent at the corner of Main Street and Westminster Avenue, pursued Plaintiff to the Venice Boardwalk, and arrested Plaintiff without probable cause. *Id*. ¶ 37. Plaintiff was charged by Contreras and Brown with violation of California Penal Code §245(c) and was incarcerated pre-trial from September 2, 2024, until October 23, 2024. *Id*. ¶ 38. The charge against Plaintiff was dismissed on October 22, 2024 and Plaintiff was released. *Id*. ¶ 39. All of Plaintiff's belongings "were lost as a result of what occurred." *Id*. ¶ 40.

Plaintiff brings 20 causes of action against all Defendants under 42 U.S.C. § 1983. Count 1 alleges that § 41.18 violates equal protection under the Fourteenth Amendment. Count 2 alleges a *Monell* violation against all Defendants. Count 3 alleges a conspiracy to prohibit Plaintiff from being on public property and confiscating Plaintiff's property. Count 4 alleges procedural and substantive due process violations under the Fourteenth Amendment related to "anti-homeless ordinances." *Id*. ¶ 103. Count 5 alleges that § 41.18 and the "Zone ordinances" are unconstitutional and constitute *Monell* violations. *Id*. ¶ 104. Count 6 alleges all Defendants acted as part of a conspiracy. *Id*. ¶ 105. Count 7 alleges a violation of the Privileges and Immunities Clause of the Fourteenth Amendment based on California Welfare & Institutions Code § 17000. *Id*. ¶ 106. Count 8 alleges *Monell* violations based on Count 7. *Id*. ¶ 107. Count 9 alleges conspiracy by all Defendants. *Id*. ¶ 108. Count 10 alleges that § 41.18 violates the Cruel and Unusual Punishment clause under the Eighth Amendment because it "criminalizes the state of being homeless." *Id*. ¶ 109. Count 11 alleges Monell violations based on Count 10. *Id*. ¶ 110. Count 12 alleges conspiracy by all Defendants. *Id*. ¶ 111. Count 13 alleges that § 41.18 violates the Excessive Fines Clause of the Eighth Amendment. *Id*. ¶ 112-113. Count 14 alleges *Monell* violations based on Count 13. *Id*. ¶ 113. Count 15 alleges conspiracy by all Defendants. *Id*. ¶ 114. Count 16 alleges that stealing Plaintiff's property is a seizure in violation of the Fourth Amendment. *Id*. ¶ 207. Count 17 alleges *Monell* violations based on Count 16. *Id*. ¶ 208. Count 18 alleges conspiracy. *Id*. ¶ 209. Count 19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-09320-DOC-MAA                                   Date: January 24, 2025

Page 3

alleges excessive force by all Defendants against Plaintiff in violation of the Fourth Amendment. *Id*. ¶ 210. Count 20 alleges a baseless prosecution claim in violation of the Fourth Amendment against all Defendants. *Id*. ¶ 211.

### B.    Procedural History

On October 29, 2024, Plaintiff filed his Complaint (Dkt. 1). On December 13, 2024, Defendants Monique Contreras, Karen Bass, and Paul Krekorian filed the present Motion to Dismiss (Dkt. 16). On January 3, 2025, Plaintiff filed his Opposition ("Opp.") (Dkt. 18). On January 9, 2025, Defendants filed their Reply (Dkt. 19).

### C.    Related Cases

Plaintiff has two other pending lawsuits before the Court: (1) 2:21-CV-06003-DOC-KES ("the 6003 case") and (2) 2:22-CV-08010-DOC-KES ("the 8010 case"). Those lawsuits are also related to the enforcement of Municipal Code Section 41.18. The incidents in 2021 and 2022 that Plaintiff discusses in his Complaint were raised and litigated in the 6003 and 8010 cases. The only new factual allegation in the Complaint is the September 2, 2024 incident which does not appear to be related to Section 41.18. Plaintiff confirms in his Reply that this lawsuit only concerns the September 2, 2024 allegations. Reply at 2.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-09320-DOC-MAA                                                     Date: January 24, 2025

Page 4

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III.   DISCUSSION

Defendants argue that the entire Complaint should be dismissed for two reasons. First, they argue that the Complaint should be dismissed under Rule 12(b)(5) because Plaintiff has only attempted to serve three Defendants—Former Councilmember Paul Krekorian, LAPD Senior Lead Officer Monique Contreras, and Mayor Karen Bass—and service on Mayor Bass is questionable. Motion at 5. Second, Defendants argue that the Complaint should be dismissed under Rule 12(b)(6) for failing to state claims on which relief can be granted. *Id*.

Plaintiff does not oppose or offer any argument on the substance of Defendants' Motion. Plaintiff only argues that the Motion should not be heard and should be denied for failure to comply with Local Rule 7-3 which requires Parties to meet and confer prior to filing motions. Opp. at 2-3. Based on Defendants' counsel's declaration that he left a voicemail on December 5, 2024 with Plaintiff's counsel and Plaintiff's counsel did not call him back, the Court finds that there was not a violation of Local Rule 7-3 to justify denial of the Motion. *See* Declaration of Emerson Kim (Dkt. 16-2).

Because Plaintiff has not substantively opposed the Motion, Defendants argue in their Reply that the action should be dismissed with prejudice as to all eighteen Defendants. Reply at 1.

#### A.   Rule 12(b)(5)

A defendant may bring a motion to dismiss for insufficient service of process under Rule 12(b)(5). Defendants argue that the Complaint should be dismissed against all Defendants not just those who bring the present Motion because Plaintiff has not served all Defendants yet, Plaintiff has only attempted service on three Defendants, and service

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-09320-DOC-MAA                              Date: January 24, 2025

Page 5

on Mayor Bass was questionable. Motion at 5. As of the date of this Order, no proof of service has been filed for any Defendant in this case.

Under Rule 4(m), if Plaintiff does not serve Defendants within 90 days of the filing of the Complaint, the Court must dismiss the action without prejudice against unserved Defendants or order that service be completed within a specified time. Fed. R. Civ. P. 4(m). As of the date of this Order, dismissal based on improper service of process is premature. Thus, the Court DENIES the Motion based on Rule 12(b)(5).

### B. Rule 12(b)(6)

Defendants argue that Plaintiff fails to sufficiently allege any cause of action in his Complaint. Motion at 6.

#### 1. The Court Dismisses Sixteen of the Eighteen Defendants.

Plaintiff sues the current and former Mayors of Los Angeles and fourteen Los Angeles city council members. Plaintiff fails to make any factual allegations in the Complaint related to those sixteen Defendants. Plaintiff only makes factual allegations related to Defendants Contreras and Brown who are police officers. Plaintiff's Opposition does not correct or explain the sixteen Defendants but rather states that the action is only related to the September 2, 2024 incident with Defendants Contreras and Brown. Opp. at 2. Therefore, all sixteen Defendants other than Defendants Contreras and Brown are dismissed for failure to state claims against them on which relief can be granted.

#### 2. The Court Dismisses the Entire Complaint for Failure to Defend the Claims in the Opposition.

Defendants move to dismiss the entirety of the Complaint (claims 1 through 20) for failing to state claims upon which relief can be granted. *See generally* Motion. Plaintiff did not defend any of the claims in his Opposition. Plaintiff only argues that the Court should deny the Motion for alleged noncompliance with Local Rule 7-3's meet and confer requirement. Opp. at 3-5. The only argument that Plaintiff makes in response to the substance of the Motion is that dismissal based on Rule 12(b)(5) is premature. Opp. at 6.

The Court will not make the Parties' arguments for them. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-09320-DOC-MAA                    Date: January 24, 2025

Page 6

on the advocates to inform the discussion and raise the issues to the court."). Courts in this District, and many others, have found that a failure to address an argument in opposition briefing constitutes a concession of that argument. *See, e.g., Johnson v. Macy*, 145 F. Supp. 3d 907, 918 (C.D. Cal. 2015) (citing *Tatum v. Schwartz*, No. S-06-01440 DFL EFB, 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007), for the proposition that the plaintiff "tacitly concedes this claim by failing to address defendants' argument in her opposition"); *Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded."). In the 8010 case, the Court previously warned Plaintiff that he must defend his claims. *See* Order Granting in Part and Denying in Part Motion to Dismiss, 2:22-cv-08010-DOC-KES (Dkt. 70). The Court finds that Plaintiff's failure to substantively oppose the Motion to Dismiss is grounds for dismissal alone.

Claims 1 through 18 have been previously litigated in Plaintiff's other pending lawsuits. Claim 19 alleging excessive force and Claim 20 alleging baseless prosecution related to the September 2, 2024 incident are new claims related to new factual allegations.

Given that Plaintiff has failed to respond to the Motion's arguments and that the present claims challenging Municipal Code Section 41.18 (Claims 1 through 18) are substantially identical to claims previously alleged in Plaintiff's other pending lawsuits, the Court GRANTS Defendant's Motion and DISMISSES WITH PREJUDICE Claims 1 through 18 and DISMISSES WITHOUT PREJUDICE Claims 19 and 20.

### 3. The Court Dismisses Claim 19 with Leave to Amend.

Plaintiff's Claim 19 alleging excessive force in violation of the Fourth Amendment states: "Defendants used excessive force against plaintiff by striking him with their batons." Compl. ¶ 210. Plaintiff alleges that Defendants Contreras and Brown "accosted plaintiff with their nightsticks" and then arrested him without probable cause for a violation of California Penal Code §245(c) on September 2, 2024. Compl. ¶ 37-38.

"All claims that law enforcement officers have used excessive force—deadly or otherwise—in the course of an arrest must be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Courts must determine whether

Case 2:24-cv-09320-DOC-MAA Document 26 Filed 01/24/25 Page 7 of 8 Page ID #:163

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-09320-DOC-MAA                     Date: January 24, 2025

Page 7

the officers' actions are objectively reasonable in light of the facts and circumstances at the time. *Id*. at 701.

Defendants argue that the allegations are conclusory, the officers are entitled to qualified immunity, and that Plaintiff does not deny that he assaulted the officers in violation of Penal Code §245(c). Motion at 12. The Court agrees that Plaintiff makes the conclusory statement that excessive force was used but fails to provide any facts to determine if such force was reasonable or if Plaintiff did assault the officers. Therefore, in addition to the reasons articulated above, the Court also DISMISSES Claim 19 because it fails to set forth a set of facts that, when taken as true, amount to a Fourth Amendment violation.

Within 14 days, Plaintiff may amend Claim 19 against Defendants Contreras and Brown only.

### 4. The Court Dismisses Claim 20 with Leave to Amend.

Plaintiff's Claim 20 alleging baseless prosecution in violation of the Fourth Amendment states: "Defendants baseless prosecuted plaintiff by initiating a Penal Code § 245(c) charge against him, without probable cause and with malice, that charge against plaintiff was dismissed, and as a result defendants are liable to plaintiff for making a baseless criminal charge against plaintiff." Compl. ¶ 211. Plaintiff asserts this Claim against all Defendants.

"To succeed on such a [malicious prosecution under 42 U.S.C. § 1983] claim, a plaintiff must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person." *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024). Federal courts turn to state common law for the elements of malicious prosecution. *Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019). The elements under California law are: "that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice." *Id*. Plaintiff must also show that Defendants prosecuted him for the purpose of denying him equal protection or another specific constitutional right. *Id*.

Defendants argue that none of the named Defendants prosecuted Plaintiff, Plaintiff's allegations are conclusory, and the malicious prosecution claim is

Case 2:24-cv-09320-DOC-MAA Document 26 Filed 01/24/25 Page 8 of 8 Page ID #:164

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-09320-DOC-MAA					Date: January 24, 2025

Page 8

insufficiently pled. Motion at 13-14. While it is true that Plaintiff does not name the city or county prosecutors as defendants, this is not required. *See Chiaverini*, 602 U.S. at 560 (discussing malicious prosecution claim against police officers after county prosecutors dropped the case and charges were dismissed). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Plaintiff's allegations, however, are conclusory and fail to plead how Defendants initiated charges for the purpose of denying him a constitutional right. Thus, Claim 20 fails to state a claim upon which relief can be granted and is DISMISSED.

Within 14 days, Plaintiff may amend Claim 20 against Defendants Contreras and Brown only.

## IV. DISPOSITION

For the reasons set forth above, the Court **GRANTS** the Motion to Dismiss. In particular, the Court:

- DISMISSES Defendants Karen Bass, Eric Michael Garcetti, Paul Krekorian, Robert Blumenfield, Nithya Raman, Katy Yaroslavsky, Imelda Padilla, Monica Rodriguez, Marqueece Harris-Dawson, John Lee, Curren Price, Heather Hutt, Traci Park, Hugo Soto-Martinez, Kevin De Leon, and Tim McOsker

- DISMISSES Claims 1 through 18 with prejudice

- DISMISSES Claims 19 and 20 without prejudice and with leave to amend within 14 days of this Order

Scheduling Conference and motion hearing set for February 3, 2025, are **VACATED**.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kdu