STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
(for filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **PEO. OF CITY OF LOS ANGELES WHO ARE UNHOUSED BY JACOBS,** | 2:24-cv-09320-DOC(kESx) |
| Plaintiff, | |
| v. | **JOINT RULE 26 PLAN/REPORT** |
| | Mand. Sched. Conf. Feb. 14, 3:00 p.m. |
| **KAREN BASS,** *et al.,* | |
| Defendants. | |
| | Judge David O. Carter |

1

1. Statement of the Case:

For plaintiff:

35. In October, 2022, plaintiff was issued a citation to appear in a court in Beverly Hills, pursuant to § 41.18 by defendant Contreras, for living on the sidewalk on Main Street in Venice, and this violated plaintiff's constitutional rights, as set forth hereinbelow.

36. Previously, in 2021, plaintiff's tent in which he resided and all of his personal belongings were stolen under the supervision of defendant Contreras, pursuant to § 41.18.

37. Then, most recently, on Sept. 2, 2024, defendants Contreras and Brown accosted plaintiff with their nightsticks, who was asleep in his tent, at the corner of Main Street and Westminster Avenue, and where he still lives, and has lived for six years, used excessive force against plaintiff by battering him with nightsticks while he was asleep in his tent, and then, after he alighted from his tent, pursued him many blocks to the Venice Boardwalk (with an LAPD helicopter also in pursuit, and arrested plaintiff, with no probable cause to do so.

38. Plaintiff was charged by Contreras and Brown with violation of California Penal Code § 245(c), that provides as follows:

//

245(c).  Any person who commits an assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for three, four, or five years.

38. As a result of the making and pendency of this charge, plaintiff the spent from Sept. 2, 2024 to Oct. 23, 2024 in penal custody, until Oct. 23.

39. The charge against plaintiff was dismissed on Oct. 22, 2024, and plaintiff was released.

40. All of plaintiff's belongings, including his clothing and his tent were lost as a result of what occurred.

3

Defendants hereby submit their portion of the Joint Scheduling Report in accordance with Federal Rules of Civil Procedure ("Rule") 26(f) and Local Rule 26-1.

## 1.    DEFENDANTS' FACTUAL SUMMARY OF THE CASE AND OF CLAIMS AND DEFENSES

The case concerns an alleged incident taking place on September 2, 2024, where Plaintiff contends that he was arrested and charged with aviolation of California Penal Code § 245(c).  Section 245(c) states the following:

> Any person who commits an assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for three, four, or five years.

Plaintiff further contends that he was in penal custody from September 2, 2024, through October 23, 2024.  He also states that the charge was dismissed, which led to his release.

Based on this incident, and this incident only, Plaintiff specifically challenges the constitutionality of LAMC § 41.18, which is prohibits "sitting, lying, or sleeping or storing, using, maintain, or placing personal property in the public right-of-way." However, he does not state that the September 2, 2024 incident is in anyway connected to the enforcement of LAMC § 41.18.  Thus, none of his claims are supported by his factual allegations.

Separately, although Plaintiff identifies two separate incidents that pertain to LAMC § 41.18 in his Complaint (Compl. ¶¶ 35-36)—an incident in 2021 and another incident in 2022—those incidents are already the subject of pending lawsuits before this Court: 2:21-cv-06003-DOC-KES and 2:22-cv-08010-DOC-KES.  Put differently, neither of those incidents are the impetus for the instant action.

1    2. Subject Matter Jurisdiction: federal question, under 28 U.S.C. § 1331.

**2.      DEFENDANTS' SYNOPSIS OF THE PRINCIPAL ISSUES IN THE CASE**

The principal issue in this case is whether Plaintiff's lawsuit is connected to the enforcement of LAMC § 41.18.  There is no allegation that the September 2, 2024 incident was a result of LAMC § 41.18 being enforced against Plaintiff.  Plaintiff's allegations only pertain to the enforcement of California Penal Code § 245(c).  Given that every claim challenges the constitutionality of LAMC § 41.18, not Penal Code § 245(c), there are no facts to support Plaintiff's lawsuit.

1    3. Legal Issues: did defendants violate plaintiff's constitutional rights?

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.    **WHETHER PARTIES ARE LIKELY TO BE ADDED AND WHETHER THE PLEADINGS ARE LIKELY TO BE AMENDED BY DEFENDANTS**

Defendants do not intend to add any parties.  To the extent that the action proceeds, the pertinent parties here should be Plaintiff David Jacobs and the City of Los Angeles only.  All the individual defendants should be dismissed.

Defendants have no pleadings to amend.

4. Parties and Evidence: plaintiff and defendants.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**4.    ISSUES WHICH DEFENDANTS BELIEVE MAY BE DETERMINED BY MOTION AND LIST OF CONTEMPLATED LAW AND MOTION**

Defendants have a pending motion seeking dismissal.  Defendants believe the lawsuit should be dismissed at the pleading stage, as there is no alleged connection with the enforcement of LAMC § 41.18.

To the extent that the action proceeds, Defendants intend on filing a motion for summary adjudication or judgment.  Defendants believe that this matter may be appropriate for determining the merits before engaging in class discovery.  Defendants believe that the proposed classes are not certifiable and thus intend to oppose a future motion for class certification.

1    5. Damages: which are subjective, and attorneys' fees.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**5.    DEFENDANTS' SETTLEMENT DISCUSSIONS AND RECOMMENDED SETTLEMENT PROCEDURE**

The parties have not engaged in any settlement discussions.  Defendants are agreeable to a settlement conference before the magistrate judge assigned to this case, Honorable Maria A. Audero.

6. Insurance: City defendants are self-insured.

8

1 | **6.    DEFENDANTS' DISCOVERY PLAN**

2 |     Defendants believe that it may be more efficient to address the merits of the case

3 | first with the question of class certification to be determined after.  Defendants propose

4 | that the initial stage of discovery be limited to the merits so that an early motion for

5 | summary adjudication/judgment may be brought in this matter.  After the motion is ruled

6 | upon, Defendants believe discovery as to class allegations would be appropriate at that

7 | juncture, if applicable.

7. Motions:

(a) Procedural Motions: none for plaintiff.

(b) Dispositive Motions: none for plaintiff.

(c) Class Certification Motion: for plaintiff.

8. Manual for Complex Litigation: not applicable.

## 7.    DEFENDANTS' ESTIMATED TRIAL LENGTH

At this juncture, Defendants believe that a four-day timed jury trial, where each side is given ten hours, excluding jury selection, opening statement, and closing argument, should be sufficient.

9. Discovery

(a) Status of Discovery: none to date.

(b) Discovery Plan: for plaintiff, interrogatories, requests for admissions, and requests to produce, and possible depositions of plaintiff, after written discovery has been concluded.

(c) Discovery Cut-off: A proposed discovery cut-off date governing the completion of all fact discovery, including resolution of all discovery motions: for plaintiff, Sept. 30, 2025.

(d) Expert Discovery: none at this time for plaintiff.

10

**8.    DEFENDANTS' OTHER ISSUES AFFECTING STATUS OR MANAGEMENT OF CASE**

Defendants have a pending motion to dismiss in the instant action.

Defendants also note that Plaintiff Jacobs has related putative class actions pending before this Court: *Jacobs, et al. v. City of Los Angeles, et al.*, Case No. 2:21-cv-06003-DOC(KESx) (the "6003 Matter"), and *Jacobs. v. Garcetti, et al.*, Case No. 2:22-cv-08010-DOC(KESx) (the "8010 Matter").  As stated above, the allegations in the 6003 Matter and the 8010 Matter contain allegations of enforcing LAMC § 41.18, which governs sitting, lying, or sleeping in the public right-of-way.  Here, Plaintiff does not specifically allege that September 2, 2024 incident is tied in any way to the enforcement of LAMC § 41.18.

Defendants propose the following dates:

**a.  Discovery Cut-off**

Defendants do not object to Plaintiff's proposed date of September 30, 2025.

**b.  Final Motion Cut-off**

Defendants propose Monday, November 24, 2025, which is approximately eight weeks after the proposed discovery cut-off.

**c.  Final Pretrial Conference**

Defendants propose Monday, December 22, 2025, which is four weeks after the proposed final motion cut-off date.

**d.  Trial**

Defendants propose Tuesday, February 3, 2026.

1    (e) Settlement Conference / Alternative Dispute Resolution ("ADR"):

2    Plaintiff, who is in forma pauperis, prefers either magistrate judge or court panel

3    ADR.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

(f) Trial: plaintiff, whatever date the court determines.

i. Estimate: for plaintiff, three to five days.

ii. Jury or court trial: plaintiff requested jury trial.

iii. Consent to Trial Before a Magistrate Judge: plaintiff does not consent.

iv. Lead trial counsel:

Plaintiff: Stephen Yagman

(g) Independent Expert or Master: none for plaintiff.

(h) Other issues: None for plaintiff.

r. Schedule Worksheet: attached.

s. Other issues:

None for plaintiff.

1

## YAGMAN + REICHMANN, LLP

2

3

By:  /s/  Stephen Yagman

**STEPHEN YAGMAN**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

1  DATED:  January 21, 2025                Respectfully submitted,

2                                          HYDEE FELDSTEIN SOTO, City Attorney
3                                          DENISE C. MILLS, Chief Deputy City Attorney
                                           KATHLEEN KENEALY, Chief Assistant City
4                                          Attorney
5                                          GABRIEL S. DERMER, Assistant City Attorney
                                           EMERSON H. KIM, Deputy City Attorney
6
7                               By:  */s/ Emerson H. Kim*
                                           EMERSON H. KIM, Deputy City Attorney
8                                          Attorney for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A: SCHEDULING OF PRETRIAL AND TRIAL DATES WORKSHEET

**Case No.:**    2:24-cv-09320-DOC-MAA

**Case Name:**    Jacobs v. Bass, et al.

| Event | Plaintiff's Request month/day/year | Defendant's Request month/day/year | Agreed Upon Date or Court Ordered Date |
|---|---|---|---|
| ☐ Jury Trial<br>-OR-<br>☐ Bench Trial<br>(Tuesdays at 8:30 a.m.) | | 02/03/26 | |
| Est. Length (days) | | 4 | |
| Final Pretrial Conference [L.R.16] (Mondays at 8:30 a.m) | | 12/22/25 | |
| Hearing on Dispositive Motions (Mondays at 8:30 a.m) | | 11/24/25 | |
| Cut-Off Date for All Fact Discovery | | 09/30/25 | |
| Deadline for Settlement Conference | | 10/13/25 | |
| Initial Expert Disclosure Deadline *(if applicable)* | | N/A | |
| Rebuttal Expert Disclosure Deadline *(if applicable)* | | N/A | |
| ADR [L.R. 16-15] Settlement Procedure Choice | ☐ 1 Magistrate Judge<br>☐ 2 Mediation Panel<br>☐ 3 Private Mediation | ☒ 1 Magistrate Judge<br>☐ 2 Mediation Panel<br>☐ 3 Private Mediation | ☐ 1 Magistrate Judge<br>☐ 2 Mediation Panel<br>☐ 3 Private Mediation |

6