**HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
**DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992)
**KATHLEEN KENEALY**, Chief Assistant City Attorney (SBN 212289)
**CORY M. BRENTE**, Senior Assistant City Attorney (SBN 115453)
**TY A. FORD**, Deputy City Attorney (SBN 218365)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-6900 / Fax No.: (213) 978-8785
Email: Ty.Ford@lacity.org

*Attorneys for Defendant*, MONIQUE CONTRERAS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PEOPLE OF CITY OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY D. JACOBS, as representative of a class of unhoused persons who reside and resided in the streets and on the sidewalks of the City of Los Angeles,<br><br>Plaintiffs.<br><br>v.<br><br>KAREN BASS, ERIC MICHAEL GARCETTI, PAUL KREKORIAN, ROBERT BLUMENFIELD, NITHYA RAMAN, KATY YAROSLAVSKY, IMELDA PADILLA, MONICA RODRIGUEZ, MARQUEECE-HARRIS-DAWSON, JOHN LEE, CURREN PRICE, HEATHER HUTT, TRACI PARK, HUGO SOTO-MARTINEZ, KEVIN DE LEON, TIM Mc OSKER, MONIQUE CONTRERAS, 1"DOE" BROWN, ONE HUNDRED UNKNOWN NAMED DEFENDANTS, 1-100,<br><br>Defendants. | CASE NO. 2:24-cv-09320 DOC (MAAx)<br>*Assigned to: Hon. Judge David O. Carter, Ronald Reagan Cthse, Ctrm 10A; Hon. Mag. Maria A. Audero, Roybal Bldg, Ctrm. 880*<br><br>**DEFENDANT CONTRERAS's RULE 26(f) REPORT** |

COMES NOW Defendant Monique Contreras and submits her portion of the Rule 26(f) Report. Defense counsel has made three attempts to confer with Plaintiff's counsel

1

on three separate days (including today) by telephone and left messages. Plaintiff's counsel's assistant returned my message and stated that Plaintiff's counsel Mr. Yagman is ill and unable to meet and confer at this time and will likely be ill for the next two weeks. To comply with the Court's order (Dkt. #35), Defendant Contreras submits the following information:

**(1)   Defendants' Factual Summary Of The Case.**

Current Defense Counsel is currently ignorant of the underlying facts of the case after the Court's ruling on City Defendants' Motion to Dismiss (Dkt. #26), except as to the Court's summary in its order taken from the Complaint. Counsel is informed and believes that Plaintiff was arrested based up his use of OC spray on the Defendant Officers which resulted in his arrest.

Defendants deny these allegations and the nature and extent of Plaintiff's damages. Defendants further assert that their actions were lawful, the force used was objectively reasonable under the totality of the circumstances and necessitated by the actions of Plaintiffs' decedent. The individual Defendant is shielded from suit under the doctrine of qualified immunity and pursuant to various state-law statutory immunities.

**(2)   Principal Issues Of The Case.**

After the Court's order on City Defendants' Motion to Dismiss (Dkt. #26), the remaining issues in the case are (1) whether the Defendant Officers used excessive or unreasonable force in violation of Plaintiff's Fourth Amendment rights pursuant to 42 U.S.C. § 1983; (2) whether the Defendant Officers maliciously prosecuted Plaintiff in violation of Plaintiff's Fourth Amendment rights pursuant to 42 U.S.C. § 1983; and (3) whether the Defendant Officers are entitled to qualified immunity from suit.

**(3)   Statement Of Whether Parties Are Likely To Be Added And Whether The Pleadings Are Likely To Be Amended.**

Based on the Court's prior order (Dkt. #26), it appears that the First Amended Complaint contains the only amendments the Court is allowing to be added.

///

**(4) A Statement As To Issues Which Any Party Believes May Be Determined By Motion And A Listing Of Then-Contemplated Law And Motion Matters.**

Defendants intend to file a Motion for Summary Judgment which they believe will resolve all issues before the Court.

**(5) Statement Of What Settlement Discussions Have Occurred.**

To Defense counsel's knowledge, no settlement discussions have occurred. Defendant Contreras is amenable to mediation with a panel mediator.

**(6) Discovery Plan.**

Defendants intend to depose Plaintiff and to conduct written discovery. Defendants also intend to retain expert witnesses.

**(7) Statement Of Whether Trial Will Be By Jury Or To The Court And A Realistic Estimated Length Of Trial.**

Defendant Contreras demands a trial by jury. Defendants anticipate a 3-4 day trial.

**(8) A Statement Of Any Other Issues Affecting The Status Or Management Of The Case.**

(a) **Discovery Cut-Off:** Defendant proposes and respectfully requests February 2, 2026.

(b) **Final Motion Cut-Off:** Defendant proposes and respectfully requests March 16, 2026 (hearing date).

(c) **Date For Final Pretrial Conference:** Defendant proposes and respectfully requests April 27, 2026.

///
///
///
///
///
///
///

     **(d)**    **Date For Trial:** Defendant proposes and respectfully requests May 12, 2026.

Dated: March 10, 2025

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY,** Chief Assistant City Attorney
**CORY M. BRENTE**, Senior Assistant City Attorney

By: *Ty A. Ford*
     TY A. FORD, Deputy City Attorney
*Attorneys for Defendant,* MONIQUE CONTRERAS