STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
(for filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiff and
Class Representative D. JACOBS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PEOPLE OF CITY OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY D. JACOBS, as representative of a class of unhoused persons who reside and resided in the streets and on the sidewalks of the City of Los Angeles,<br><br>　　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>KAREN BASS, *et al*,<br><br>　　　　　　Defendants. | 2:24-CV-09320-DOC-MAAx<br><br>**NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUES F EXCESSIVE FORCE AND OF MALIICIOUS PROSECUTION, MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF PLAINTIFF, DAVID JACOBS, IN SUPPORT THEREOF; STATEMENT OF UNCONTROVERTED FACTS FILLED CONCURRENTLY**<br><br>June 2, 2025<br>8:30 a.m.<br>Courtroom 10A<br><br>Judge David O. Carter |

**PLEASE TAKE NOTICE** that plaintiff moves for partial summary judgment on the issued of excessive force and malicious prosecution, and that oral argument will be heard as set forth above. This motion is based on the grounds that (1) defendant LAPD officer Monique Contreras wielded her night stick against plaintiff, David Jacobs, when there was no factual basis for her to do that, and that it constituted a use of excessive force, and (2) Contreras initiated a

1

criminal charge against Jacobs, without probable cause and with malice, and that charge was dismissed after Jacobs spent two months in jail, which damaged Jacobs. The L.R. 7-3 meeting of counsel was held telephonically, on April 21, 2025, and the matters in issue were not resolved. Defense counsel stated that he intended to cross-move for summary judgment.

**YAGMAN + REICHMANN, LLP**

By: /s/ Stephen Yagman
**STEPHEN YAGMAN**

## MEMORANDUM OF POINTS AND AUTHORITIES

Attached hereto is the declaration of the plaintiff, David Jacobs, and it evidences an inappropriate use of force against him, that was excessive and unreasonable, as well as a malicious prosecution of him, both done by defendant, Monique Contreras.

## THE FOURTH AMENDMENT EXCESSIVE FORCE CLAIM.

The Fourth Amendment to he United States Constitution provides, in pertinent part, that "The right of the people to be secure in their persons . . . against unreasonable . . . seizures[] shall not be violated . . . ." A use of excessive force by police or jailors violates this provision of the Fourth Amendment, and when police or jailors use excessive force, a plaintiff may recover damages under 42 U.S.C. § 1983. *Davidson v. O'Lone*, 752 F.2d 817, 827(3d Cir. 1984). Application of force by police or prison guards exceeding that which is reasonable and necessary under the circumstances states a claim under § 1983, *ibid.*, because a citizen has the right to be free from unreasonable force. *Street v. Parham*, 929 F.2d 537, 540 (10th Cir. 1991); *Zuchel v. Spinharney*, 890 F.2d 273, 274 (10th Cir. 1989).

A seizure of the person results in a constitutional violation if it is unreasonable. *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Contreras' seizure of plaintiff by using her nightstick against him was an unreasonable and did not meet the *Graham* standard. The determination of unreasonableness requires that it be decided "whether the totality of the circumstances justified a particular sort of . . . seizure," *Tennessee v. Garner,* 471 U.S. 1, 8–9, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). To resolve this question there must be a balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham,* 490 U.S. at 396, 109 S.Ct. 1865 (internal citations and quotation marks omitted). When the governmental interests at stake are substantial -- here

there were no governmental interests in Contreras wielding her nightstick against plaintiff -- a greater intrusion upon the Fourth Amendment rights of the person may be justified. Conversely, when the governmental interest is insubstantial -- which here is the case -- the application of even minimal force may be unreasonable. When balancing the degree of force used against the governmental interests, "it is the need for force which is at the heart of the [analysis]." *Headwaters Forest Def. v. Cnty. of Humboldt ("Headwaters II")*, 276 F.3d 1125, 1130 (9th Cir.2002) (*quoting Liston v. Cnty. of Riverside,* 120 F.3d 965, 976 (9th Cir.1997)) (emphasis in original). *See also Headwaters Forest Def. v. Cnty. of Humboldt ("Headwaters I)*, 211 F.3d 1121, 1133 (9th Cir. 2000) ("[W]here there is no need for force, *any* force used is constitutionally unreasonable."; emphasis in original), *amended by*, 240 F.3d 1185, *cert. granted, vacated and remanded*, 534 U.S. 801, 122 S.Ct. 24, 151 L.Ed.2d 1 (2001). *See also P.B. v. Koch,* 96 F.3d 1298, 1303–04 & n. 4 (9th Cir.1996). Such here is the case, because there was no need to use any force at all, and hence the use of force was *eo ipso* unreasonable.

    Also, Contreras' use of force may have violated the Fourteenth Amendment, because "an unprovoked assault and battery by a [police officer]" violates substantive due process. *Meredith v. State of Arizona,* 523 F.2d 481, 484 (9th Cir. 1975). *Mutatis mutandis*, an unprovoked assault and battery by a police officer, occurred here, constitutes excessive, unreasonable force.

    The Supreme Court subsequently held that allegations of excessive force should be analyzed under a more specific constitutional provision, rather than generalized notions of due process, if one is applicable. *Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 1870-71, 104 L.Ed.2d 443 (1989). "In most instances, that will be either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishments, which are the two primary sources of constitutional

protection against physically abusive governmental conduct." *Ibid.; see also Armendariz,* 75 F.3d at 1318-24. Thus, a convicted prisoner is protected from excessive force by the Eighth Amendment and a citizen being arrested or investigated is protected from excessive force by the Fourth Amendment. *Graham,* 490 U.S. at 394, 109 S.Ct. at 1870-71.

     Here, there was no need whatever for Contreras to strike plaintiff with her nightstick. Therefore, Contreras striking plaintiff with her nightstick was an instance of excessive force. *See Nehad v. Browder,* 929 F.3d 1125, 1132 (9th Cir. 2022) ("Whether a use of force was reasonable will depend on the facts of the particular case, including, but not limited to, whether the suspect posed an immediate threat to anyone, whether the suspect resisted or attempted to evade arrest, and the severity of the crime at issue." (Citing *Graham v. Connor,* 490 U.S. 386, 396 (1989).). "The most important *Graham* factor is whether the suspect posed an immediate threat to anyone's safety. *Mattos v. Agarano,* 661 F.3d 433, 441 (9th Cir. 2011) (en banc). Here, there was no threat to anyone's safety.

### THE MALICIOUS PROSECUTION CLAIM.

     By initiating a criminal prosecution of plaintiff without probable cause to do so and with malice, which charge was dismissed, and which charge harmed plaintiff by his having to endure it and spending two months in the county jail, Contreras is liable for the malicious prosecution of plaintiff. *Thompson v. Clark,* 596 U.S. 36 (2022). Contreras is liable under both the Fourth Amendment and the Fourteenth Amendment Due Process Clause.

### CONCLUSION

     There are no genuine issues of material fact as to the excessive force claim and the malicious prosecution claim, and therefore summary adjudication of those two issues in plaintiff's favor is warranted. Rules 56(a) & (f)(1), Fed. R. Civ. P.

Partial summary judgment should be granted to plaintiff and against defendant Contreras on plaintiff's excessive force and malicious prosecution claims.

Respectfully submitted,

YAGMAN + REICHMANN

By: /s/ Stephen Yagman
STEPHEN YAGMAN

## CERTIFICATE OF COMPLIANCE
(L.R. 11-6.2)

The undersigned, counsel of record for plaintiff(s) certifies that this brief contains 976 words, which complies with the word limit of L.R. 11-6.1.

YAGMAN ± REICHMANN, LLP

By: *Stephen Yagman*
STEPHEN YAGMAN

# DECLARATION OF DAVID JACOBS

I, DAVID JACOBS, declare the following to be true under the penalty of perjury at Venice Beach, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am the plaintiff in this action.

2. The following of the allegations in the operative complaint are true:

37. Then, most recently, on Sept. 2, 2024, defendants Contreras and Brown accosted plaintiff with their nightsticks, who was asleep in his tent, at the corner of Main Street and Westminster Avenue, and where he still lives, and has lived for six years, used excessive force against plaintiff by battering him with nightsticks while he was asleep in his tent, and then, after he alighted from his tent, pursued him many blocks to the Venice Boardwalk (with an LAPD helicopter also in pursuit, and arrested plaintiff, with no probable cause to do so.

38. Plaintiff was charged by Contreras and Brown with violation of California Penal Code § 245(c), that provides as follows:

> **245(c).** Any person who commits an assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for three, four, or five years.

38. As a result of the making and pendency of this charge, plaintiff spent from Sept. 2, 2024 to Oct. 23, 2024 in penal custody, until Oct. 23.

39. The charge against plaintiff was dismissed on Oct. 22, 2024, and plaintiff was released.

1

40. All of plaintiff's belongings, including his clothing and his tent were lost as a result of what occurred.

3. During the above, Sept. 2, incident, Contreras jabbed me with her nightstick.

_____
DAVID JACOBS    MAY 04 2025

2