STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
(for filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiff and
Class Representative D. JACOBS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **PEOPLE OF CITY OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY D. JACOBS**, as representative of a class of unhoused persons who reside and resided in the streets and on the sidewalks of the City of Los Angeles,<br><br>Plaintiff,<br><br>v.<br><br>**KAREN BASS,** *et al*,<br><br>Defendants. | 2:24-CV-09320-DOC-MAAx<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCOLUSIONS OF LAW, ON MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUES F EXCESSIVE FORCE AND OF MALIICIOUS PROSECUTION**<br><br>June 2, 2025<br>8:30 a.m.<br>Courtroom 10A<br><br>Judge David O. Carter |

1

**UNCONTROVERTED FACTS**

| | |
|---|---|
| 1. On Sept. 2, 2024 defendant Monique Contreras "jabbed" plaintiff David Jacobs with her nightstick. | Declaration of David Jacobs, ¶ 3. |
| 2. There is no evidence that Jacobs posed any danger to Contreras or others. | |
| 3. On Sept. 2, 2024, Contreras, without probable cause to do so and with malice, initiated criminal charges for violation of Cal. Penal Code § 245(c) against Jacobs. | *Id.* at ¶ 2. |
| 4. Those charges were dismissed on Oct. 22, 2024. | *Ibid.* |
| 5. As a result of those charges, plaintiff was held in the Los Angeles County Jail from Sept. 22, 2024 to Oct. 22, 2024. | *Ibid.* |

**CONCLUSIONS OF LAW**

  1. Defendant Contreras on Sept. 2, 2024 used excessive force against plaintiff David Jacobs.

  The Fourth Amendment to he United States Constitution provides, in pertinent part, that "The right of the people to be secure in their persons . . . against unreasonable . . . seizures[] shall not be violated . . . ." A use of excessive force by police or jailors violates this provision of the Fourth Amendment, and when police or jailors use excessive force, a plaintiff may recover damages under 42 U.S.C. § 1983. *Davidson v. O'Lone*, 752 F.2d 817, 827(3d Cir. 1984).

2

1  A seizure of the person results in a constitutional violation if it is
2 unreasonable. *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443
3 (1989). Contreras' seizure of plaintiff by using her nightstick against him was an
4 unreasonable and did not meet the *Graham* standard. The determination of
5 unreasonableness requires that it be decided "whether the totality of the
6 circumstances justified a particular sort of . . . seizure," *Tennessee v. Garner,* 471
7 U.S. 1, 8–9, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).
8  When balancing the degree of force used against the governmental interests,
9 "it is the need for force which is at the heart of the [analysis]." *Headwaters Forest*
10 *Def. v. Cnty. of Humboldt ("Headwaters II"),* 276 F.3d 1125, 1130 (9th
11 Cir.2002) (*quoting Liston v. Cnty. of Riverside,* 120 F.3d 965, 976 (9th Cir.1997))
12 (emphasis in original). *See also Headwaters Forest Def. v. Cnty. of Humboldt*
13 *("Headwaters I),* 211 F.3d 1121, 1133 (9th Cir. 2000) ("[W]here there is no need
14 for force, ***any*** force used is constitutionally unreasonable."; emphasis in original),
15 *amended by*, 240 F.3d 1185, *cert. granted*, *vacated and remanded*, 534 U.S. 801,
16 122 S.Ct. 24, 151 L.Ed.2d 1 (2001). *See also P.B. v. Koch,* 96 F.3d 1298, 1303–04
17 & n. 4 (9th Cir.1996). Such here is the case, because there was no need to use any
18 force at all, and hence the use of force was *eo ipso* unreasonable.
19 there was no need whatever for Contreras to strike plaintiff with her nightstick.
20 Therefore, Contreras striking plaintiff with her nightstick was an instance of
21 excessive force. *See Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2022)
22 ("Whether a use of force was reasonable will depend on the facts of the particular
23 case, including, but not limited to, whether the suspect posed an immediate threat
24 to anyone, whether the suspect resisted or attempted to evade arrest, and the
25 severity of the crime at issue." (Citing *Graham v. Connor*, 490 U.S. 386, 396
26 (1989).). "The most important *Graham* factor is whether the suspect posed an
27 immediate threat to anyone's safety. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th
28 Cir. 2011) (en banc). Here, there was no threat to anyone's safety.

1      2. On Sept. 2, 2024, defendant Contreras initiated a malicious prosecution
2  against plaintiff David Jacobs.
3      By initiating the criminal prosecution of plaintiff without probable cause to
4  do so and with malice, which charge was dismissed, and which charge harmed
5  plaintiff by his having to endure it and spending two months in the county jail,
6  Contreras is liable for the malicious prosecution of plaintiff. *Thompson v. Clark*,
7  596 U.S. 36 (2022). Contreras is liable under both the Fourth Amendment and the
8  Fourteenth Amendment Due Process Clause.
9      June 2, 2025                                                              _____
10                                          **DAVID O. CARTER**
11                                          United States District Judge