**HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
**DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992)
**KATHLEEN KENEALY**, Chief Assistant City Attorney (SBN 212289)
**CORY M. BRENTE**, Senior Assistant City Attorney (SBN 115453)
**TY A. FORD**, Deputy City Attorney (SBN 218365)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-6900 / Fax No.: (213) 978-8785
Email:  Ty.Ford@lacity.org

*Attorneys for Defendant*, MONIQUE CONTRERAS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PEOPLE OF CITY OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY D. JACOBS, as representative of a class of unhoused persons who reside and resided in the streets and on the sidewalks of the City of Los Angeles,<br><br>            Plaintiffs.<br><br>   v.<br><br>KAREN BASS, ERIC MICHAEL GARCETTI, PAUL KREKORIAN, ROBERT BLUMENFIELD, NITHYA RAMAN, KATY YAROSLAVSKY, IMELDA PADILLA, MONICA RODRIGUEZ, MARQUEECE-HARRIS-DAWSON, JOHN LEE, CURREN PRICE, HEATHER HUTT, TRACI PARK, HUGO SOTO-MARTINEZ, KEVIN DE LEON, TIM Mc OSKER, MONIQUE CONTRERAS, 1"DOE" BROWN, ONE HUNDRED UNKNOWN NAMED DEFENDANTS, 1-100,<br><br>            Defendants. | CASE NO. 2:24-cv-09320 DOC (MAAx)<br>*Assigned to: Hon. Judge David O. Carter, Ronald Reagan Cthse, Ctrm 10A; Hon. Mag. Maria A. Audero, Roybal Bldg, Ctrm. 880*<br><br>**DEFENDANT MONIQUE CONTRERAS'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR "PARTIAL SUMMARY JUDGMENT ON ISSUES F EXCESSIVE FORCE AND OF MALIICIOUS PROSECUTION"**<br><br>[Filed concurrently with Objections to Statement of Uncontroverted Facts and Conclusions of Law and Additional Genuine Issues of Material Fact; Declaration of Eric Melendez and Exhibits; Request for Judicial Notice and Exhibits; Notice of Lodging]<br><br>DATE:     June 2, 2025<br>TIME:     8:30 AM<br>CTRM:   10A |

**TO THE ABOVE-ENTITLED COURT, AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

1    Defendant Monique Contreras hereby submits her Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for "Partial Summary Judgment on Issues f Excessive Force and of Maliicious Prosecution".

    Defendant's Opposition is further made and based on the concurrently filed Objections and Response to Plaintiff's Separate Statement of Uncontroverted Facts and Conclusions of Law; Defendant's Additional Genuine Issues of Material Fact; the Declaration of Eric Melendez and Exhibits; the Request for Judicial Notice and Exhibits; the Notice of Lodging and Exhibits; and any other evidence and arguments that may be submitted in connection with the hearing on this matter.

Dated: May 12, 2025    **HYDEE FELDSTEIN SOTO**, City Attorney
    **DENISE C. MILLS**, Chief Deputy City Attorney
    **KATHLEEN KENEALY,** Chief Assistant City Attorney
    **CORY M. BRENTE**, Senior Assistant City Attorney

By: *Ty A. Ford*
    TY A. FORD, Deputy City Attorney
*Attorneys for Defendant,* MONIQUE CONTRERAS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION.**

On September 2, 2024, members of the Los Angeles Police Department, including Officer Contreras, approached Plaintiff's tent which was located on a sidewalk within 500 feet of a school. When the officers attempted to speak with Plaintiff, he opened the tent and sprayed them with pepper spray, ran from his tent and continued to pepper spray the officers as they tried to approach him. Plaintiff eventually was apprehended, confessed to spraying the officers with pepper spray and was arrested. Plaintiff was not struck at any time and had no injuries on his person. Most of the incident is captured on body-worn camera. Criminal charges were filed and at the arraignment hearing, Plaintiff's competency was called into question and the matter was referred to the court's Mental Health Division.

Plaintiff has filed suit challenging his arrest and prosecution and now brings a Motion for Partial Summary on his claims against Officer Conteras for alleged use of excessive force and malicious prosecution. Plaintiff's motion should be denied as he has not and cannot meet his burden. The sole piece of Plaintiff's evidence is his own self-serving declaration which is blatantly contradicted by the video evidence submitted by Defendant. The admissible, competent evidence shows that Officer Contreras did not use a police baton on Plaintiff, and she did not maliciously prosecute him.

Accordingly, Plaintiff's Motion should be denied.

**II.  STATEMENT OF FACTS.**

On September 2, 2024, Officer Contreras and Officer Brown and driving in a marked black and white police SUV. Defendant's Additional Material Facts ("AMF"), #1. Officer Contreras, who is shorter than Officer Brown, was wearing a full police uniform and a body-worn camera which captured part of the incident. AMF #2. Officer Brown also was wearing a full police uniform but was not wearing a body-worn camera. AMF #3.

///

Officer Contreras and Officer Brown observed Plaintiff's tent erected on a sidewalk within 500 feet of a school in violation of Los Angeles Municipal Code ("LAMC") section 41.18(e). AMF #4. Officer Contreras recognized Plaintiff's tent and knew that he previously had been warned, cited and booked for violating LAMC section 41.18(e). AMF #5. The Officers parked and exited their police vehicle to investigate. AMF #6.

The Officers approached Plaintiff's tent and asked him to exit his tent. AMF #7 However, Plaintiff opened the flap of the tent and sprayed them with pepper spray. AMF #8. Plaintiff, who was wearing only shorts and no shirt, then ran from his tent and continued to pepper spray towards the officers as they tried to approach him. AMF #9. Plaintiff also ran into the street to their police vehicle and pepper sprayed it. AMF #10. The Officers requested back-up to assist. AMF #11. Plaintiff then fled from the area and the Officers chased him on foot. AMF #12.

Additional officers responded and eventually took Plaintiff into custody. AMF #13. After he was taken into custody and prior to being transported from the scene, Plaintiff admitted that he sprayed the Officers with pepper spray. AMF #14. Plaintiff was arrested for violating California Penal Code section 245(c) [assault with a deadly weapon on a peace officer]. AMF #15.

Plaintiff did not have any visible injuries on his person and no injuries were reported. AMF #16. Officer Contreras did not draw her police baton during the incident, and did not strike or make physical contact with Plaintiff. AMF #17.

On September 4, 2024, the City Attorney's Office filed a misdemeanor complaint, that is signed by the prosecuting Deputy City Attorney, against Plaintiff charging him with violations of California Penal Code sections 148(a)(1) [resisting, delaying or obstructing officer], 240/241(c) [assault on peace officer], 22810(g)(1) [unlawful use of tear gas] and LAMC section 41.18(e) [sitting/sleeping/lying on sidewalk within 500 feet of school/daycare].  AMF #18. Plaintiff appeared in court on September 4, 2024, for an arraignment and plea hearing. AMF #19. At the Arraignment

hearing, Plaintiff's mental competency was called into question, the criminal proceedings were suspended, and a psychiatrist was appointed to evaluate Plaintiff's competency. AMF #20.

The matter was then transferred to the state court's Mental Health Division for further proceedings. AMF #21. After evaluation, the Mental Health Division granted Plaintiff diversion on all charges with certain mental health treatment conditions and ordered him conditionally released on October 2, 2024. AMF #22. All charges were ultimately dismissed pursuant to Penal Code section 1385 (interest of justice) on October 23, 2024. AMF #23.

No LAPD police officers, including Officer Contreras, were involved in or had any input in the court process in any manner. AMF #24.

### III.     APPLICABLE LEGAL PRINCIPLES

The operative complaint frames the issues for summary judgment, and summary judgment is appropriate when the pleadings, discovery, disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Matsushita Elec. Indus. Co. v. Zenith,* 475 U.S. 574, 587 (1986) [holding that "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'."].

In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The amount of evidence necessary to raise a genuine issue of material fact is enough to require a jury or judge to resolve the parties' differing versions of the truth at trial. *Aydin Corp. v. Loral Corp.*,

718 F.2d 897, 902 (9th Cir. 1983). However, a scintilla of evidence, evidence that is merely colorable, or that is not significantly probative does not present a genuine issue of material fact. *Anderson,* 477 U.S. at 252; *Addisu v. Fred Meyer,* 198 F.3d 1130, 1134 (9th Cir. 2000).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). However, the plaintiff cannot rely on the allegations in the complaint and instead "must produce specific evidence, through affidavits or admissible discovery material" in moving for or opposing summary judgment. *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). The plaintiff, who bears the burden at trial, also bears the burden in moving for summary judgment of proving each element of every operative claim, and the defense can defeat summary judgment by merely pointing out the *absence* of evidence necessary to support plaintiff's case. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001); Model Ninth Circuit Jury Instruction Nos. 9.3 (2023) and 9.5 (2024).

Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (citation omitted). At the summary judgment stage, the plaintiff also cannot rely on allegations alone, *Lopez v. Pac. Mar. Ass'n*, 657 F.3d 762, 768 (9th Cir. 2011), because "allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) (citation omitted). Thus, if a plaintiff moving for summary judgment fails to meet their burden with "any competent, admissible evidence to support" a claim, summary judgment is inappropriate. *Id*. When the evidence is equal and could be decided either way, summary judgment in favor of plaintiff also is inappropriate because the plaintiff cannot meet their burden of proof as to each element.

*See e.g. Devereaux*, 263 F.3d at 1076; Model Ninth Circuit Jury Instruction Nos. 9.3 (2023) and 9.5 (2024).

Further, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 380-381 (2007) [finding that a videotape of the incident eviscerated the plaintiff's version of events and that the defendant officer was entitled to summary judgment].

## IV. THE VIDEO EVIDENCE CONTRADICTS PLAINTIFF'S SELF-SERVING DECLARATION AND SHOWS THAT CONTRERAS DID NOT USE EXCESSIVE FORCE AGAINST PLAINTIFF

Plaintiff's Motion argues that Contreras used a "nightstick" on Plaintiff in violation of his Fourth Amendment rights and the sole piece of evidence presented by Plaintiff to support his claims is his own self-serving declaration. The evidence submitted by Defendant shows that contrary to Plaintiff's arguments, Contreras did not use a police baton against Plaintiff. AMF ##6-17. The video evidence plainly shows that Officer Contreras did not draw her police baton and did not touch Plaintiff with it. AMF ##6-17. The video evidence further shows that Officer Contreras was not even close enough to Plaintiff to touch him with her police baton even if she had drawn it, which she did not. AMF ##6-17. The evidence further shows that Plaintiff did not suffer or complain about any injuries from a police baton. AMF #16. Thus, to the extent that Plaintiff's arguments are based on the use of a police baton, Plaintiff's Motion should be denied.

## V. PLAINTIFF'S MOTION ALSO SHOULD BE DENIED AS TO THE MALICIOUS PROSECUTION CLAIM AGAINST CONTRERAS.

After the officers approached Plaintiff's tent, Plaintiff opened the tent, sprayed pepper spray at them, exited his tent and continued to spray pepper spray in their direction when they were trying to approach him and take him into custody. AMF ##7-

12. Plaintiff, who ran, was ultimately apprehended and taken into custody by other officers. AMF ##12-13. Plaintiff was arrested for violating California Penal Code section 245(c) [assault with a deadly weapon on a peace officer]. AMF #15. On September 4, 2024, the City Attorney's Office filed a misdemeanor complaint against Plaintiff charging him with violations of California Penal Code sections 148(a)(1) [resisting, delaying or obstructing officer], 240/241(c) [assault on peace officer], 22810(g)(1) [unlawful use of tear gas] and Los Angeles Municipal Code section 41.18(e) [sitting/sleeping/lying on sidewalk within 500 feet of school/daycare]. AMF #18.  The Misdemeanor Complaint was signed by the prosecuting Deputy City Attorney. AMF #18.

The Fourth Amendment applies to claims of unlawful search and seizure. *See e.g. Graham v. Connor*, 490 U.S. 386 (1989). "Seizure" claims under the Fourth Amendment cease when the arrestee appears before a court and is held to answer, i.e. an arraignment hearing. *Wallace v. Kato*, 549 U.S. 384, 389–92 (2007). The Fourteenth Amendment substantive due process applies to claims after the arraignment, such as wrongful confinement and malicious prosecution. *Lee v. Cty of Los Angeles*, 250 F.3d 668, 683 (9th Cir. 2001).

In order to prevail on a Section 1983 claim based on malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir.1995). The presence of probable cause is an "absolute defense" to malicious prosecution. *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009). Further, the filing of a criminal complaint immunizes the police officers from liability, as the prosecutor's decision to file criminal charges and to continue to prosecute a criminal defendant is presumed to be based on the independent judgment of the prosecutor in determining that probable cause exists. *Smiddy v. Varney,* 665 F.2d 261, 266 (9th Cir. 1981) ("*Smiddy* I"). Plaintiff has not and cannot, with any competent,

1 | admissible evidence, rebutted this presumption of prosecutorial independence or shown
2 | lack of probable cause to arrest and prosecute him for the delineated offenses.

3 |   Plaintiff has not presented any evidence beyond his own self-serving declaration that he was unlawfully arrested, unlawfully confined, maliciously prosecuted or denied due process in violation of his federal constitutional rights under the Fourth and Fourteenth Amendments. As the evidence shows, there was probable cause to arrest Plaintiff's for his assaultive actions towards the police officers. Further, "[m]ost courts have found tear gas, mace or pepper spray to be dangerous or deadly weapons capable of inflicting great bodily injury." *People v. Blake*, 117 Cal. App. 4th 543, 557 (Cal. Ct. 2004), as modified (Apr. 16, 2004).

  After his valid arrest, which Plaintiff does not specifically contest by way of his motion, Plaintiff appeared in court on September 4, 2024, for an arraignment and plea hearing. At the Arraignment hearing, Plaintiff's mental competency was called into question, the criminal proceedings were suspended, and a psychiatrist was appointed to evaluate Plaintiff's competency. The matter was then transferred to the state court's Mental Health Division for further proceedings. After evaluation, the Mental Health Division granted Plaintiff diversion on all charges with certain mental health treatment conditions and ordered him conditionally released on October 2, 2024. All charges were ultimately dismissed pursuant to Penal Code section 1385 (interest of justice) on October 23, 2024. There is no evidence that Officer Contreras, or any other LAPD police officers, were involved in or had any input in the court process in any manner.

  As Plaintiff has failed to meet his burden on the malicious prosecution claim, his motion should be denied.

/ / /
/ / /
/ / /
/ / /
/ / /

## VI. CONCLUSION.

Based on the foregoing, Defendant's respectfully request that the Court deny Plaintiff's Motion for Partial Summary Judgment.

Dated: May 12, 2025

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY,** Chief Assistant City Attorney
**CORY M. BRENTE**, Senior Assistant City Attorney

By: *Ty A. Ford*
     TY A. FORD, Deputy City Attorney
*Attorneys for Defendant,* MONIQUE CONTRERAS