STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
(for filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiff and
Class Representative D. JACOBS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **PEOPLE OF CITY OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY D. JACOBS**, as representative of a class of unhoused persons who reside and resided in the streets and on the sidewalks of the City of Los Angeles,<br><br>Plaintiff,<br><br>v.<br><br>**KAREN BASS,** *et al*,<br><br>Defendants. | 2:24-CV-09320-DOC-MAAx<br><br>**REPLY ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUES OF EXCESSIVE FORCE AND OF MALIICIOUS PROSECUTION**<br><br>June 2, 2025<br>8:30 a.m.<br>Courtroom 10A<br><br>Judge David O. Carter |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Attached to the motion is the declaration of the plaintiff, David Jacobs, and it evidences an inappropriate use of force against him, that was excessive and unreasonable, as well as a malicious prosecution of him, both done by defendant, Monique Contreras. But ***not attached*** to the opposition is anything from Contreras, nor anything explaining why her declaration is not attached.

Because the declarations in opposition from her subalterns show do not constitute genuine issues of material fact in dispute, the motion should be granted.

## THE FOURTH AMENDMENT EXCESSIVE FORCE CLAIM.

The Fourth Amendment to he United States Constitution provides, in pertinent part, that "The right of the people to be secure in their persons . . . against unreasonable . . . seizures[] shall not be violated . . . ." A use of excessive force by police or jailors violates this provision of the Fourth Amendment, and when police or jailors use excessive force, a plaintiff may recover damages under 42 U.S.C. § 1983. *Davidson v. O'Lone*, 752 F.2d 817, 827(3d Cir. 1984). Application of force by police or prison guards exceeding that which is reasonable and necessary under the circumstances states a claim under § 1983, *ibid.*, because a citizen has the right to be free from unreasonable force. *Street v. Parham*, 929 F.2d 537, 540 (10th Cir. 1991); *Zuchel v. Spinharney*, 890 F.2d 273, 274 (10th Cir. 1989).

A seizure of the person results in a constitutional violation if it is unreasonable. *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

On May 15, 2025, in *Barnes v. Felix*, 23-1239, 2025 WL 1401083 (May 15, 2025), the U.S. Supreme Court yet again changed the legal test for whether, or not, police use excessive force. The new test does away with the former test, judging the issue at the moment the force is used, to a "totality of the circumstances" test.

1  Here, the totality of the circumstances includes Contreras' history of her three
2  years of harassing and taunting Jacobs and her disdain of and hatred for him, as
3  well as the body-cam of the subject incident being incomplete, because it does not
4  begin from the beginning of the subject incident. And Contreras is missing in
5  action, with no admissible evidence of just why that is.
6        Moreover, there is an authentication requirement for admission of the body-
7  cam video. The requirement of authentication prior to admissibility "is satisfied by
8  evidence [admissible] sufficient to support a finding that the matter in question is
9  what its proponent claims." Fed. R. Evid. Rule 901(a). Here, there is no such
10 evidence, evidence that what is depicted on the video depicts what it purports to
11 be and that it is completed and unedited.
12       Contreras' seizure of plaintiff by using her nightstick against him was
13 unreasonable, and it did not meet the *Graham* standard. The determination of
14 unreasonableness requires that it be decided "whether the totality of the
15 circumstances justified a particular sort of . . . seizure," *Tennessee v. Garner,* 471
16 U.S. 1, 8–9, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), re-stated and applied to all use
17 of force cases by *Barnes v. Felix*, *supra*. To resolve this question there must be a
18 balancing of "the nature and quality of the intrusion on the individual's Fourth
19 Amendment interests against the countervailing governmental interests at
20 stake." *Graham,* 490 U.S. at 396, 109 S.Ct. 1865 (internal citations and quotation
21 marks omitted). Here, the government interests truly were *de minimis* -- enforcing
22 a 500 foot prohibition not to camp near a school. The intrusion -- jabbing Jacobs
23 with a nightstick while he lay asleep in his tent -- a great interest. When the
24 governmental interests at stake are substantial -- here there were no governmental
25 interest in Contreras wielding her nightstick against plaintiff -- a greater intrusion
26 upon the Fourth Amendment rights of the person may be justified. Conversely,
27 when the governmental interest is insubstantial -- which here is the case -- the
28 application of even minimal force may be unreasonable. When balancing the

1  degree of force used against the governmental interests, "it is the need for force
2  which is at the heart of the [analysis]." *Headwaters Forest Def. v. Cnty. of*
3  *Humboldt ("Headwaters II"),* 276 F.3d 1125, 1130 (9th Cir.2002) (*quoting Liston*
4  *v. Cnty. of Riverside,* 120 F.3d 965, 976 (9th Cir.1997)) (emphasis in original). *See*
5  *also Headwaters Forest Def. v. Cnty. of Humboldt ("Headwaters I)*, 211 F.3d
6  1121, 1133 (9th Cir. 2000) ("[W]here there is no need for force, **any** force used is
7  constitutionally unreasonable."; emphasis in original), *amended by*, 240 F.3d
8  1185, *cert. granted*, *vacated and remanded*, 534 U.S. 801, 122 S.Ct. 24, 151
9  L.Ed.2d 1 (2001). *See also P.B. v. Koch,* 96 F.3d 1298, 1303–04 & n. 4 (9th
10  Cir.1996). Such here is the case, because there was **<u>no need to use any force at</u>**
11  **<u>all</u>**, and hence the use of force was *ipso facto* unreasonable.

12  Also, Contreras' use of force may have violated the Fourteenth Amendment,
13  because "an unprovoked assault and battery by a [police officer]" violates
14  substantive due process. *Meredith v. State of Arizona,* 523 F.2d 481, 484 (9th Cir.
15  1975). *Mutatis mutandis*, an unprovoked assault and battery by a police officer
16  occurred here, and it constitutes excessive, unreasonable force.

17  The Supreme Court subsequently held that allegations of excessive force
18  should be analyzed under a more specific constitutional provision, rather than
19  generalized notions of due process, if one is applicable. *Graham v. Connor,* 490
20  U.S. 386, 394, 109 S.Ct. 1865, 1870-71, 104 L.Ed.2d 443 (1989). "In most
21  instances, that will be either the Fourth Amendment's prohibition against
22  unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and
23  unusual punishments, which are the two primary sources of constitutional
24  protection against physically abusive governmental conduct." *Ibid; Graham,* 490
25  U.S. at 394, 109 S.Ct. at 1870-71.

26  Here, there was no need whatever for Contreras to strike plaintiff with her
27  nightstick. Therefore, Contreras' striking plaintiff with her nightstick was an
28  instance of excessive force. *See Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir.

4

2022) ("Whether a use of force was reasonable will depend on the facts of the particular case, including, but not limited to, whether the suspect posed an immediate threat to anyone, whether the suspect resisted or attempted to evade arrest, and the severity of the crime at issue." (Citing *Graham v. Connor*, 490 U.S. 386, 396 (1989).). "The most important *Graham* factor is whether the suspect posed an immediate threat to anyone's safety. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc). Here, there was no threat to anyone's safety.

### THE MALICIOUS PROSECUTION CLAIM.

By initiating a criminal prosecution of plaintiff without probable cause to do so and with malice, which charge was dismissed, and which charge harmed plaintiff by his having to endure it and spending two months in the county jail, Contreras is liable for the malicious prosecution of plaintiff. *Thompson v. Clark*, 596 U.S. 36 (2022). Contreras is liable under both the Fourth Amendment and the Fourteenth Amendment Due Process Clause.

### NONE OF DEFENDANTS' CONTENTIONS HAS ANY MERIT.

Defendants' constant contention that plaintiff's declaration is "self-serving," Opp. at 7: 9-10, is rubbish. And, once again, there is no declaration from Contreras to negate plaintiff's declaration, and no admissible evidence of just why that is.

Defendant Contreras blatantly over-charged plaintiff -- showing her malice --with "assault with a deadly weapon" -- when only she had a deadly weapon. Pepper stray is not a deadly weapon.

### WHAT IS <u>NOT</u> ADMISSIBLE IN EVIDENCE.

None of the police reports are admissible in evidence, because they are unauthenticated, inadmissible hearsay. And, they are not made on personal knowledge. The same is the case with respect to the unauthenticated body-cam visual evidence.

There is no admissible evidence that plaintiff was within 500 feet of a school. Opp. at 3:5.

5

1   Plaintiff was struck by Contreras' billy club.

2   Charges were filed and then dismissed, Opp. at 5:8, as defendants' evidence
3   shows.

4   Importantly, defendants admit that "Most of the incident was captured on
5   [Contreras'] body-worn camera." Opp. at 3:9-10. This means that some of the
6   incident was not captured, and plaintiff contends that the part wherein he was
7   struck was not captured.

8   Plaintiff's declaration is not "blatantly contradicted" by anything, at least
9   because there is no admissible defense evidence, and defendant Contreras'
10  testimony is glaringly missing.

11  All of defendants' objections of "self-serving statement" and of
12  "argumentative," in their statement of uncontroverted facts," Doc. 47-1, are
13  without any basis.

14  The arrest report is inadmissible because it is not on personal knowledge,
15  Fed. R. Evid.. Rule 601, is inadmissible hearsay, Rule 801, and its contents,
16  therefore, are inadmissible. Police reports generally, are inadmissible in evidence.
17  *See also* Rules 803(6) & (8).

## CONCLUSION

There are no genuine issues of material fact as to the excessive force claim and the malicious prosecution claim, and defendants have failed to provide any admissible evidence that any fact underlying those claim is genuinely-disputed, and therefore, summary adjudication of those two issues in plaintiff's favor is warranted. Rules 56(a) & (f)(1), Fed. R. Civ. P.

Partial summary judgment should be granted to plaintiff and against defendant Contreras on plaintiff's excessive force and malicious prosecution claims.

//
//

6

1
2                               Respectfully submitted,
3                               **YAGMAN + REICHMANN**
4                          By: _____
5                                  **STEPHEN YAGMAN**
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF COMPLIANCE**
(L.R. 11-6.2)

The undersigned, counsel of record for plaintiff(s) certifies that this brief contains 1,531 words, which complies with the word limit of L.R. 11-6.1.

                                                **YAGMAN + REICHMANN, LLP**

                                                By: _____
                                                          **STEPHEN YAGMAN**